1  Kristel B. Haddad (SBN 273250)
   Shiva Anari (SBN 314649)
2  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017-5408
   Telephone: (213) 689-0404
4  Facsimile: (213) 689-0430
   Kristel.Haddad@jacksonlewis.com
5  Shiva.Anari@jacksonlewis.com

6
7  Attorneys for Defendant
   GIORGIO ARMANI CORPORATION
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITATI ANAHI LOPEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GIORGIO ARMANI CORPORATION. and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-8509<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (CAFA)**<br><br>(Filed concurrently with Notice of Removal; Declarations of Kristel B. Haddad and Karen Perez; Civil Case Cover Sheet; Notice of Interested Parties; and Corporate Disclosure Statement)<br><br>Complaint Filed: January 30, 2023 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF ITATI ANAHI LOPEZ, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant GIORGIO ARMANI CORPORATION ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441 (b), and removes the above-entitled action to this Court from the Superior

Court of the State of California in and for the County of Ventura based on the grounds of diversity jurisdiction.

Dated: October 9, 2023

JACKSON LEWIS P.C.

By: _____
Kristel B. Haddad
Shiva Anari

Attorneys for Defendant
GIORGIO ARMANI CORPORATION

## I. INTRODUCTION

Defendant Giorgio Armani Corporation ("Defendant") removes this case to this Court based on diversity jurisdiction. Complete diversity of citizenship exists between Plaintiff Itati Anahi Lopez ("Plaintiff") and all named defendants in this action, and the amount in controversy, as alleged in Plaintiff's Complaint, exceeds $75,000.

## II. VENUE AND STATEMENT OF JURISDICTION

1. This action was filed in the Superior Court of the State of California in and for the County of Ventura. Therefore, venue property lies in the United States District Court of the Central District of California, Western Division pursuant to 28 U.S.C. §§ 84(b), 1391 and 1441 (a).

2. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332. The diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

3. On August 5, 2022, Plaintiff filed a civil Complaint ("Complaint") against defendant in the Superior Court of the State of California for the County of Ventura, entitled *Itati Anahi Lopez v. Giorgio Armani Corporation, et al.,* Case No. 56-2023-00575101-CU-OE-VTA. A true and correct copy of the Summons and Compliant is attached as Exhibit A to the declaration of Kristel B. Haddad ("Haddad Decl.") filed concurrently herewith, [Haddad Decl. ¶ 2, Exh. A.] Plaintiff via Notice and Acknowledgment of Receipt served Defendant with the Summons and Complaint on August 18, 2023. [Haddad Decl. ¶ 3, Exh. B.] On September 7, 2023, Defendant served Plaintiff with the signed Notice and Acknowledgement of Receipt. [Haddad Decl. ¶ 4, Exh. C.]

4. In the Complaint, Plaintiff asserts the following eighteen causes of causes of action: (1) Sexual Harassment in Violation of Fair Employment and Housing Act

("FEHA"); (2) Discrimination On the Basis of Sex/Gender in Violation of FEHA; (3) Failure to Prevent Discrimination, Harassment, And Retaliation in Violation of FEHA; (4) Wrongful Constructive Discharge in Violation of Public Policy; (5) Negligent Hiring, Retention, and Supervision; (6) Negligence Infliction of Emotional Distress; (7) Intentional Infliction of Emotional Distress; (8) Failure to Compensate For All Hours Worked; (9) Failure to Pay Minimum Wages; (10) Failure to Pay Overtime; (11) Failure to Pay Wages When Employment Ends; (12) Failure to Pay Wages Owed Every Pay Period; (13) Violation of Labor Code Section 558; (14) Failure to Maintain Accurate Records; (15) Failure to Provide Rest Breaks; (16) Failure to Provide Meal Breaks; (17) Failure to Reimburse Business Expenses; and (18) Violation of Business and Professions Code Section 17200. [Haddad Decl. ¶ 3, Exhibit A.]

5. On October 6, 2023, Defendant filed an Answer to the Complaint in Superior Court. A true and correct copy of the Answer is attached to the Declaration of Kristel B. Haddad as Exhibit D. [Haddad Decl. ¶ 4, Exhibit D.]

6. As of the date of this filing, the Exhibits "A," "C," and "D" to the Haddad Declaration constitute all of the pleadings, processes, or orders which have been filed and/or served in this action, and no further proceedings have occurred in the state court. [Haddad Decl. ¶6.]

### III. REMOVAL IS TIMELY

7. This Notice of Removal has been filed within thirty (30) days after Defendant was served with a copy of Plaintiff's Summons and Complaint. As such, this removal is timely. *See* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant as opposed to receipt of complaint through other means); Fed. R. Civ. Proc. 6(a)(1) (timing extended if deadline falls on Saturday, Sunday, or legal holiday).

## IV. SERVICE ON THE STATE COURT

8. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Ventura County Superior Court.

## V. DIVERSITY OF CITIZENSHIP

9. This Notice of Removal is based on diversity jurisdiction. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States . . ." *See* 28 U.S.C. § 1332 (a).

10. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 U.S.C § 1441(a). Any case that could have commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, plaintiffs and defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

11. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as discussed below.

12. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090; *see also, Strotek Corp. v. Air Transport Ass'n of Am.* (9th Cir. 2002) 300 F.3d 1129, 1131 (for removal purposes, diversity must exist both at the time the action was commenced in

state court and at the time of removal). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857. Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520.

13. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any State where it has been incorporated and of the State where it has its "principal place of business." *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-99, "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

14. Here, Plaintiff alleges that she is a resident of the County of Ventura, State of California. (*See* Complaint, ¶ 2). Plaintiff also listed and maintained a California address on file with Defendant for purposes of her personnel file and payroll checks during the period of her employment with Defendant. (Declaration of Karen Perez ("Perez Declaration"), ¶ 9). Accordingly, Plaintiff is, and at all times since the commencement of this action has been, a citizen of the State of California.

15. Defendant is duly formed under the laws of the State of New York. (Perez Declaration, ¶ 5). At all relevant times, Defendant's headquarters, and thus its principal place of business, has been in the State of New York. (*Id.*) Defendant controls its operations from its New York headquarters, located at 335 Madison Avenue, 28th Floor, New York, NY 10017. (*Id*). Its main office and management functions are concentrated at its headquarters in New York, and its officers direct, control, and coordinate its activities from this office. (*Id*).

16. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant within the meaning of 28 U.S.C. § 1332.

17. Plaintiff has also named as defendants DOES 1 to 25, inclusive. The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C.

§ 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.").

18. Based on the foregoing, because Plaintiff is a citizen of California, and Defendant is *not* a citizen of California, this action is brought between citizens of different States under the definition of 28 U.S.C. § 1332.

## VI. AMOUNT IN CONTROVERSY

19. This Court has jurisdiction over this case because the amount in controversy, exclusive of interests and costs, exceeds $75,000. 28 U.S.C. § 1332 (a).

20. Defendant's Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 135 S. Ct. 547, 554 (emphasis added). Defendant need not submit evidence in support of its notice of removal. *Id*. at 553 ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Even if an evidentiary showing were required, Defendant need only show by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied. *Id*. at 553-54; *see also, Singer v. State Farm Mutual Auto Ins. Co.* (9th Cir. 1997) 116 F.3d 373, 377; *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 404.

21. In measuring the amount in controversy, the Court must assume that the allegations in the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001. The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.* (S.D. Cal. 2005) 408 F.Supp.2d 982, 986, citing *Scherer v. Equitable Life Assurance Soc'y of the U.S.* (2d Cir. 2003) 347 F.3d 394, 399 (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint). The amount in controversy includes the "amount of damages in dispute, as well

as attorney's fees," and the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980.

22. Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, assuming for the sake of argument the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332, as set forth below:

23. Plaintiff alleges that as a result of Defendant's conduct she has suffered and will continue to suffer damages including lost wages, lost bonuses, lost benefits, and other pecuniary loss. *See* Complaint, ¶¶ 21, 30, 39, 48, and Prayer. If Plaintiff prevails on her FEHA claims, she could recover the amount she would have earned up to the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instructions Nos. 350 *et seq.*, 2433 (2011); *Wise v. Southern Pac. Co.* (1970) 1 Cal.3d 600, 607. Plaintiff could also be entitled to front pay, awarded for lost compensation during the period between judgment and reinstatement, or in lieu of reinstatement. *Pollard v. E.I. du Pont de Nemours & Co.* (2001) 532 U.S. 843, 848. California decisions from the Fair Employment and Housing Commission generally limit damages for purported future pay losses to one (1) to two (2) years. *Department of Fair Emp't & Housing v. Smitty's Coffee Shop, FEHC* (1984) Precedent Decision No. 84-25 (expressly adopting federal court view that front pay should be limited and recommending "fixed period" such as a year or two).

24. Plaintiff's employment with Defendant ended on or about February 17, 2021. (Perez Declaration, ¶ 6). Plaintiff's last rate of pay during her employment with Defendant was $15.60 per hour. (Perez Declaration, ¶ 7). The number of hours that Plaintiff worked each week varied, but she typically worked at least 30 hours per week. (Perez Declaration, ¶ 8). While it is unclear from the allegations of the Complaint how much Plaintiff is seeking to recover in lost earnings, assuming that Plaintiff were to recover two-years of back pay

(i.e., from the date of her termination to the present date) based on a 30-hour per week work schedule, she would receive approximately **$48,672**[1] (not including the value of bonuses, benefits, and potential pay increases). Furthermore, conservatively assuming that Plaintiff recovers one-year of front pay based on a 30-hour per week work schedule, if she were to prevail, the front pay will amount to approximately **$24,336**.[2] Thus, the lost earnings component of Plaintiff's potential damages could, conservatively, add at least **$73,008** to the amount in controversy.

25.  Plaintiff also claims damages from physical and emotional injuries, including nervousness, humiliation, depression, mental pain, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, anxiety, loss of self-esteem, and loss of enjoyment of life. *See* Complaint, ¶¶ 21, 30, 41, 48, 54, 60, 65. Emotional distress damages further augment the amount in controversy and demonstrate that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy).

26.  While Plaintiff has not quantified the value of her alleged emotional distress damages, she is likely to allege that they are substantial. *Hurd v. Am. Income Life Ins*. (C.D. Cal. Oct. 10, 2013) 2013 U.S. Dist. LEXIS 147849, at *17 ("emotional distress damages in discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). Indeed, prevailing plaintiffs in employment disputes regularly are awarded emotional distress damages in excess of $75,000. *Keiffer v. Bechtel Corp.* (1998) 65 Cal.App.4th 893, 895 (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages); *Silo v. CHW Medical Foundation* (2001) 86 Cal.App.4th 947, 955 (jury award in excess of $75,000 in non-economic damages was upheld in wrongful termination lawsuit); *Egan v. Premier Scales & Sys.* (W.D. Ky. 2002) 237 F.Supp.2d 774, 776 (where plaintiff sought damages for embarrassment, humiliation,

---

[1] $15.60 per hour * 30 hours per week * 52 weeks per year * 2 years
[2] $15.60 per hour * 30 hours per week * 52 weeks per year * 1 year

and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement."); *Canales v. Performance Food Grp., Inc.* (C.D. Cal. Nov. 30, 2017) 2017 U.S. Dist. LEXIS 197363 at *10-12 (noting that emotional distress damages in employment discrimination actions may range from $25,000 to over $100,000); *Sasso v. Noble Utah Long Beach, LLC* (C.D. Cal. March 3, 2015) 2015 U.S. Dist. LEXIS 25921 at *12-14 (holding amount in controversy was satisfied because in employment discrimination and failure to accommodate cases, emotional distress damages can range from $125,000 to $500,000); *Simmons v. PCR Tech.* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1033-1034 (noting that emotional distress damages in employment actions are often substantial); *Velez v. Roche* (N.D. Cal. 2004) 335 F.Supp.2d 1022, 1038-40 (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority* (2000) 85 Cal.App.4th 236, 237 (upholding emotional distress award of $1.3 million in a case alleging retaliation).

27. Based on this authority, and based on Plaintiff's allegations of severe and extreme mental and emotional distress, the emotional distress component of Plaintiff's potential damages could, conservatively, add at least **$75,000** to the amount in controversy.

28. Plaintiff's Complaint also seeks attorneys' fees. *See* Complaint, ¶¶ 24, 33, 72, 73, 79, 80, 92, 93, 99, 100, 101, 107, 110(b-c), 111, 112, 122, 123, 124, 128, 129, 130, 134 and Prayer. It is well-settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages as well as attorneys' fees. *See, e.g.*, *Lowdermilk v. U.S. Bank Nat'l Assoc.* (9th Cir. 2005) 479 F.3d 994, 1000; *Kroske* (9th Cir. 2005) 432 F.3d at 980; *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156 (attorneys' fees may be taken into account to determine jurisdictional amounts). Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift*

*Transportation Co. of Arizona*, LLC (9th Cir. 2018) 899 F.3d 785, 795-96. Attorneys' fees awards in employment matters often exceed $75,000. *See, e.g. Wysinger v. Auto. Club of S. Cal.* (2007) 157 Cal. App. 4th 413, 430-31 (upholding attorneys' fee award of $978,791.00 for discrimination/retaliation case that went to trial).

29. Assuming a conservative rate of $400.00 per hour, and conservatively assuming only 200 hours of attorney time spent by Plaintiff's counsel through trial, Plaintiff's recoverable attorneys' fees would total approximately **$80,000**. Thus, Plaintiff's potential attorneys' fees alone exceed the jurisdictional minimum.

30. Plaintiff also seeks to recover "punitive and exemplary damages." *See* Complaint, ¶¶ 22, 23, 31, 32, 42, 49, 66, and Prayer. Although Defendant vigorously denies Plaintiff's allegations and that she is entitled to any damages, let alone punitive damages, if Plaintiff was to prevail, punitive damages alone could exceed the $75,000 jurisdictional minimum. *See, e.g., Ponce v. Medical Eyeglass Ctr., Inc.* (C.D. Cal. July 27, 2015) 2015 U.S. Dist. LEXIS 98517, at *11-12 (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

31. Based on the above, Plaintiff's potential recovery for lost earnings, emotional distress damages, and attorneys' fees conservatively total **$228,008**, easily satisfying the $75,000 threshold. This excludes (1) any potential punitive damages that could be recovered if Plaintiff were to prevail; and (2) any potential recovery on Plaintiff's wage and hour claims including her claims for failure to compensate for all hours worked, failure to pay minimum wages, failure to pay overtime, failure to pay wages when employment ends, failure to pay wages owed every pay period, violation of Labor Code section 558, failure to maintain accurate records, failure to provide rest breaks, and failure to provide meal breaks.

## VII. **NO ADMISSION**

32. Defendant does not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor does Defendant concede that

Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

## VIII. CONCLUSION AND REQUEST FOR RELIEF

33. For the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441(a) and (b). Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

34. The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

DATED: October 9, 2023         JACKSON LEWIS P.C.

By: _____
Kristel B. Haddad
Shiva Anari
Attorneys for Defendant
GIORGIO ARMANI CORPORATION

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**
**CASE NAME:** ITATI LOPEZ V. ARMANI CORPORATION, ET AL
**CASE NUMBER:**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On October 9, 2023, I served the foregoing document described as:

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (CAFA) and CIVIL COVER SHEET**

in this action by sending a true copy addressed as follows:

| | |
|---|---|
| Svetlana Liberman<br>Law Offices of Katherine Lipel<br>16001 Ventura Blvd., Suite 100<br>Encino, CA 91436<br>Tel: 818-904-0100<br>Fax: 818-904-9393 | Attorneys for Plaintiff Itati Lopez<br><br>info@lipellaw.com |

**[XX] BY MAIL**

**[XX]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[XX] BY E-MAIL OR ELECTRONIC TRANSMISSION**

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address pamela.trujillo@jacksonlewis.com to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[XX] STATE**: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 9, 2023, at Los Angeles, California.

*PAMELA TRUJILLO*
Pamela Trujillo